FILED
CLERK, U.S. DISTRICT COURT
6/17/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_\_MMC\_\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>DAVID ANTHONY RODRIGUEZ,<br><br>      Defendant. | No.  2:25-CR-00486-ODW<br><br>I N F O R M A T I O N<br><br>[18 U.S.C. § 241: Conspiracy Against Rights; 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The United States Attorney charges:

[18 U.S.C. § 241]

A.  INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

1.  The Los Angeles County Sheriff's Department ("LASD") was a law enforcement agency within the Central District of California. Among other responsibilities, the LASD provided municipal police services within Los Angeles County, California, through its thousands of sworn deputies.

2.	Defendant DAVID ANTHONY RODRIGUEZ and Eric Chase Saavedra ("Saavedra") were sworn law enforcement officers employed by the LASD.  As LASD deputies, defendant RODRIGUEZ and Saavedra were subject to an oath of duty and rules of conduct.  This oath and these rules prohibited LASD personnel from using their law enforcement status and related equipment for personal use or for non-legitimate law enforcement purposes.

3.	Defendant RODRIGUEZ was a detective assigned to LASD's Operation Safe Streets Bureau and was a sworn law enforcement officer for 16 years.

4.	Defendant RODRIGUEZ knew and understood that the Constitution and laws of the United States protect the right to be free from unreasonable searches and seizures and the right to be free from deprivation of property without due process of law by one acting under color of law.

5.	Saavedra owned a company that provided private security services for clients.  The company often employed active LASD deputies and law enforcement officers.  Defendant RODRIGUEZ worked for the private security company.

6.	Person 1 was a wealthy Los Angeles-based client of the private security company who was engaged in an ongoing dispute with her husband, Victim T.F.

B.	OBJECT OF THE CONSPIRACY

7.	Beginning on a date unknown and continuing through in or around August 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendant RODRIGUEZ, and others known and unknown to the United States Attorney, conspired and agreed with each other to knowingly and intentionally oppress,

2

threaten, and intimidate a person of the State of California and the State of Utah, namely, Victim T.F., in the free exercise and enjoyment of rights secured to him by the Constitution and laws of the United States, that is, the right to be free from unreasonable searches and seizures and the right to be free from deprivation of property without due process of law by one acting under color of law.

C.   MANNER AND MEANS OF THE CONSPIRACY

8.   The object of the conspiracy was to be accomplished, in substance, as follows:

a.   Saavedra would earn contracts for clients of his private security company, including Person 1.

b.   Saavedra would hire active LASD deputies to act as personal bodyguards for Person 1, including defendant RODRIGUEZ.

c.   Person 1 would inform defendant RODRIGUEZ about Victim T.F., with whom she had personal and/or monetary disputes.

d.   Defendant RODRIGUEZ would use his powers as a sworn law enforcement officer to improperly obtain a court-authorized search warrant to obtain GPS location information associated with Victim T.F.'s cellular phone.

e.   Defendant RODRIGUEZ would track Victim T.F.'s physical location using the GPS pings and share the information with Saavedra.

f.   LASD deputies and other co-conspirators would use information obtained from the court-authorized search warrant to locate, oppress, intimidate, harass, and threaten Victim T.F.

D.   OVERT ACTS

On or about the following dates, in furtherance of the conspiracy, and to accomplish the object of the conspiracy, defendant RODRIGUEZ, and others known and unknown to the United States

Attorney, committed and caused to be committed various overt acts within the Central District of California, and elsewhere, including the following:

<u>Overt Act No. 1</u>:  On July 16, 2022, defendant RODRIGUEZ applied for and obtained a search warrant under false pretenses from a Los Angeles County Superior Court judge authorizing law enforcement officers to obtain GPS location information associated with two telephone numbers, including Victim T.F.'s telephone number. Specifically, in the sworn affidavit supporting the search warrant, defendant RODRIGUEZ falsely declared that Victim T.F.'s telephone number was associated with a suspect in a robbery investigation. Defendant RODRIGUEZ knew Victim T.F.'s phone number had no relation to the suspect of the robbery investigation.

<u>Overt Act No. 2</u>:  In or around mid-July 2022, soon after securing the illegally obtained search warrant for GPS location information associated with Victim T.F.'s phone, defendant RODRIGUEZ began receiving pings from the service provider for Victim T.F.'s phone, which provided the approximate location of Victim T.F.'s phone.

<u>Overt Act No. 3</u>:  In or around mid-July 2022, defendant RODRIGUEZ shared the GPS location information with Saavedra.

4


FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in this Information.

2.  If so convicted, defendant shall forfeit to the United States of America the following:

    (a)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

    (b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

1  substantially diminished in value; or (e) has been commingled with
2  other property that cannot be divided without difficulty.
3
4                                              BILAL A. ESSAYLI
                                            United States Attorney

*/s/ Christina Shay*

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

THOMAS RYBARCZYK
Assistant United States Attorney
Acting Chief, Public Corruption
and Civil Rights Section

MAXWELL COLL
Assistant United States Attorney
Cyber & Intellectual Property
Crimes Section